# EXHIBIT A

```
1  Theodore J. Holt, SBN 148899
   David R. Zarka, SBN 103185
2  Alissa S. Holt, SBN 217005
   HACKARD & HOLT
3  11335 Gold Express Drive, Suite 105
   Gold River, CA 95670
4  Telephone:  (916) 853-3000
   Facsimile:   (916) 853-3010
5
6  Attorneys for Plaintiffs
   LISA MATHEWS and HAROLD
7  LEAKS
```

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| Coordination Proceeding<br>Special Title (Rule 1550(b))<br><br>VIOXX® CASES<br><br>LISA MATHEWS and HAROLD LEAKS,<br><br>    Plaintiffs,<br><br>v.<br><br>MERCK & COMPANY, INC., a corporation; McKESSON CORPORATION, a corporation; AMERISOURCEBERGEN DRUG CORPORATION, a corporation; DOES 1 to 100; PHARMACEUTICAL DEFENDANT DOES 101 to 200, and DISTRIBUTOR DEFENDANT DOES 201 to 300, inclusive,<br><br>    Defendants. | JCCP No. 4247<br><br>Case No.: **BC359104**<br><br>County of Origin: __SACRAMENTO__ Superior Court<br><br>*(By Order of the Honorable Victoria G. Chaney, the designated county of origin shall be deemed, and is stipulated to be, the original county in which this case was initially filed and pending for purposes of removal under U.S.C. § 1441(a) and potential trial venue.)*<br><br>**COMPLAINT: AMENDED NOTICE OF ADOPTION OF VIOXX MASTER COMPLAINT (2005 Amended NOA)**<br><br>Assigned to Honorable Victoria G. Chaney, Department 324 |

///

///

///

///

1

Complaint: Amended Notice of Adoption of Vioxx Master Complaint (2005 Amended NOA)

M008A18427

Plaintiffs, LISA MATHEWS and HAROLD LEAKS, complain against Defendants, and each of them, and allege as follows:

Pursuant to the Court's Case Management Order No. 3: General Pre-trial Order and Case Management Order No. 6: Order Regarding Direct Filing, Plaintiffs, LISA MATHEWS and HAROLD LEAKS, hereby adopt the Master Complaint, and any rulings or orders of the Court relating thereto:

1. (a) **Causes of action and Parties alleged in the Master Complaint.** Plaintiff incorporates by reference each of the causes of action in the Master Complaint checked below:

- ☒ Strict Liability – Failure to Warn
- ☒ Negligence
- ☒ Negligence Per Se
- ☒ Breach of Implied Warranty
- ☒ Breach of Express Warranty
- ☒ Deceit by Concealment
- ☒ Negligent Misrepresentation
- ☒ Violation of Business & Professions Code § 17200
- ☒ Violation of Business & Professions Code § 17500
- ☐ Wrongful Death
- ☐ Survivor Action
- ☒ Loss of Consortium

(b) **Causes of Action and/or Parties not alleged in the Master Complaint.**

Plaintiff alleges additional causes of action and/or names additional parties not mentioned in the Master Complaint as follows: _____

2. Plaintiff is a resident of the State of California, County of Sacramento. Plaintiff's injuries as alleged in this litigation occurred in the County of Sacramento, in the State of California.

2

Complaint: Amended Notice of Adoption of Vioxx Master Complaint (2005 Amended NOA)

3. Plaintiff ☒ is/ ☐ is not claiming damages for mental and/or emotional distress.

4. ☒ Plaintiff is an individual who ingested VIOXX®, and who asserts claims for damages herein by complaining of the following injuries: <u>Including but not limited to heart attack symptoms and related injuries</u>

☒ Plaintiff, HAROLD LEAKS, is the spouse of LISA MATHEWS, an individual who ingested VIOXX® and allegedly sustained personal injuries as a result.

☐ Plaintiff's decedent, _____, is an individual who ingested VIOXX® and allegedly sustained fatal injury as a result. The following plaintiffs and heirs of plaintiff's decedent, or other persons entitled to bring an action for the wrongful death of plaintiff's decedent, and bring the causes of action alleged herein pursuant to Code of Civil Procedure § 377.60:_____

☐ Plaintiff is a personal representative or successor in interest to decedent, _____, who ingested VIOXX® and allegedly sustained fatal injury as a result, and is authorized to bring a survivor action on behalf of the decedent pursuant to Code of Civil Procedure § 377.31, et seq. Plaintiff has been appointed as the decedent's personal representative or successor in interest by the following court, on the following date:_____

5. The Vioxx ingested by plaintiff or decedent was purchased at the following pharmacies *(provide name and address of each pharmacy)*: <u>Received samples</u>

6. *(If plaintiff alleges a cause of action for deceit by concealment and/or a cause of action for negligent misrepresentation, plaintiff must complete this section.)* Plaintiff claims that defendants are liable to plaintiff for deceit by concealment and/or negligent misrepresentation based on the following allegations:

(a) What allegedly false statement(s) did defendants make to you or your doctor *(if doctor, state the name and address of the doctor)*?: <u>Plaintiff incorporates by reference each and every allegation as set forth in Plaintiffs' Master Complaint as though fully set forth</u>

3

Complaint: Amended Notice of Adoption of Vioxx Master Complaint (2005 Amended NOA)

herein. In an effort to increase sales of the drug and improve profits, defendants concealed and misrepresented the safety of Vioxx by and through documents and pharmaceutical representatives. Defendants did not include accurate portrayals of the risks associated with Vioxx and concealed the serious cardiovascular and other risks of Vioxx. Defendants knew of these adverse risks through clinical trials and adverse event reports as well as other sources, yet did not divulge the information.

(b) State the name and job title of the individual(s) who made the above-described statements to you or your doctor?: Plaintiff incorporates by reference each and every allegation as set forth in Plaintiffs' Master Complaint as though fully set forth herein. On information and belief, defendants and defendants' sales representatives withheld and denied the adverse health effects.

(c) When, and by what means (e.g., writing, oral statement, television, Internet, etc.), were the above-described statements made to you or your doctor?: Plaintiff incorporates by reference each and every allegation as set forth in Plaintiffs' Master Complaint as though fully set forth herein. On information and belief, written communications, oral statements and other means were used to misrepresent the ill effects of Vioxx. Defendants concealed the significant increases in adverse cardiovascular events among Vioxx users in all means of communication.

(d) When, and how, did you or your doctor rely on the above-described statements?: Plaintiff incorporates by reference each and every allegation as set forth in Plaintiffs' Master Complaint as though fully set forth herein. Plaintiff's doctor relied on the misrepresentation and concealment by prescribing Vioxx as treatment. Plaintiff relied on the misrepresentation by ingesting the dangerous drug.

(e) If the above-described statements were false by virtue of defendants' concealment of facts that were known by defendants, state the facts that were concealed and that, if known by you or your doctor, would have prevented your alleged injury: Plaintiff incorporates by reference each and every allegation as set forth in Plaintiffs' Master Complaint as though fully set forth herein. Defendant concealed the serious cardiovascular risks associated with Vioxx.

4

Complaint: Amended Notice of Adoption of Vioxx Master Complaint (2005 Amended NOA)

M008A18430

Defendant withheld findings from adverse event reports, clinical trials and studies which showed statistically significant increases in cardiovascular events among Vioxx users.

7. Plaintiff requests the relief checked below:

- ☒ Past and future general damages, according to proof.
- ☒ Past and future medical and incidental expenses, according to proof.
- ☒ Past and future loss of earnings and/or earning capacity, according to proof.
- ☒ Punitive and exemplary damages, where permitted by law.
- ☒ Damages for past and future mental and/or emotional distress, according to proof.
- ☒ Damages for past and future loss of consortium, according to proof.
- ☒ Costs of suit incurred herein.
- ☐ Injunctive relief (specify): _____
- ☒ Other (specify): For disgorgement of profits according to proof, for attorneys fees and for such other and further relief as this Court deems just and proper.

Dated: 9/20, 2006

HACKARD & HOLT

By: /s/ Alissa S. Holt
ALISSA S. HOLT
Attorneys for Plaintiff
LISA MATHEWS and HAROLD LEAKS

5

Complaint: Amended Notice of Adoption of Vioxx Master Complaint (2005 Amended NOA)